UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT A. BRAMME,

        Plaintiff,

v.

HENRY RICHARDS,

        Defendant.

Case No. C05-5178FDB

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for April 29, 2005

This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff is a resident at the Washington State Department of Social and Health Services' ("DSHS") Special Commitment Center ("SCC"). He has filed a civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. To file a complaint and initiate legal proceedings, plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*. Because plaintiff's motion indicates that he has sufficient funds with which to pay the filing fee, the undersigned recommends the court deny his motion.

## DISCUSSION

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper

REPORT AND RECOMMENDATION
Page - 1

affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the court filing fee because he is allegedly unable to afford the costs necessary to proceed with his civil rights action. On March 8, 2005, the clerk received plaintiff's complaint and motion to proceed *in forma pauperis*. (Dkt. #1).

In his motion, plaintiff's states he currently has $237.16 in life savings, and earns $128.88 every two weeks working for DSHS. While plaintiff states he will have debts in the amount of $2,600.00 upon discharge from the SCC, there is no indication as to when that will occur. In addition, plaintiff states he has no dependents and does not indicate he is responsible for the costs of his support and care during his stay as a resident at the SCC. Thus, it appears that plaintiff has access to sufficient funds with which to pay the court filing fee.

## CONCLUSION

Because plaintiff appears to have access to sufficient funds with which to pay the filing fee, the undersigned recommends the court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends the court dismiss plaintiff's complaint unless he pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **April 29, 2005**, as noted in the caption.

Dated this 4th day of April, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2